county or city may not set up as against such claim any consequential benefits as against the actual value of the property alleged to be taken, and can only set up such claim as against any alleged consequential damages flowing therefrom. See *City of Atlanta* v. *Glenn*, 17 *Ga. App.* 619 (87 S. E. 910), and cit. In *Floyd* v. *Atlanta Banking Co.*, 109 *Ga.* 778, 786 (35 S. E. 172), it was held that where an abutting-property owner *signed a contract* to pay for certain improvements, although it afterwards developed that he would not be obligated under the law to pay therefor, a court of equity would not aid him in setting aside such a contract. Such a signed agreement, made in consideration of the increased value of his property caused by the paving for which the assessments were made, was binding upon him, although the assessment itself was illegal. Where there is no obligation to pay and no legal liability, and there is no express contract to pay, the law will not raise, as against a citizen and abutting-property owner, an implied obligation to pay for an incidental and consequential benefit accruing to his property because such municipality labored under a misapprehension as to the legal liability of such property owner to pay therefor. No implied assumpsit will lie under such a state of facts. A careful reading of *Walton* v. *Sikes*, supra, cited by the plaintiff, will disclose nothing contrary to the ruling here made. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

24982.   CITY OF HOGANSVILLE *v.* DANIEL.

GUERRY, J.   This case is controlled by the decision in *City of Hogansville* v. *Daniel*, ante.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*
DECIDED OCTOBER 18, 1935.

24983.   CITY OF HOGANSVILLE *v.* HOGAN.

GUERRY, J.   This case is controlled by the decision in *City of Hogansville* v. *Daniel*, ante.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*
DECIDED OCTOBER 18, 1935.